UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DELORES SHOOK,

                Plaintiff,

   v.                                                      1:24-cv-01218 (AMN/PJE)

NYS CENTRAL REGISTER OF CHILD
ABUSE AND MALTREATMENT, *et al.*,

                Defendants.

---

**APPEARANCES:**                                      **OF COUNSEL:**

**DELORES SHOOK**
1737 U.S. Route 9W
Lot #73
Selkirk, New York 12158
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On October 3, 2024, Plaintiff *pro se* Delores Shook ("Plaintiff") filed a complaint against the New York State Central Register of Child Abuse and Maltreatment ("NYS Central Register"), New York State Child Protective Services ("NYS CPS"), Lisa Testa, Emilie Miller, and Brandon Behan (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 alleging violations of her due process rights regarding the removal of her grandchildren from her home and care. *See* Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. *See* Dkt. Nos. 2, 5.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on June 20, 2025, recommended that

1

the Complaint be dismissed without prejudice and without leave to amend. *See* Dkt. No. 5 ("Report-Recommendation"). Magistrate Judge Evangelista advised that, pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 37.[1] After being granted an extension of time to do so, Plaintiff filed objections on September 9, 2025, along with a secondary submission titled "lawful notice of status, special appearance, and affidavit of natural law standing package under natural law, and in propria persona, sui juris." *See* Dkt. Nos. 7-9. Additionally, Plaintiff filed a motion for leave to file an amended complaint on September 9, 2025, notwithstanding the recommendation from Magistrate Judge Evangelista that Plaintiff's Complaint be dismissed without an opportunity to amend. *See* Dkt. No. 10.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety. Moreover, Plaintiff's motion for leave to amend is denied.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the

3

court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no Party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Construed liberally, the Complaint asserts that Defendants violated Plaintiff's Fourteenth Amendment due process rights when they removed her grandchildren from her home and care without meeting the necessary burden for justifying removal or following proper notice procedures. *See generally*, Dkt. No. 1.[2] Specifically, on November 26, 2019, while Plaintiff was not at home, Defendants Miller, Behan, and two police officers "without a warrant or legal court document" removed her two grandchildren "D.A. & C.M" based on prior domestic violence incidents involving Plaintiff and her daughter. Dkt. No. 1 at ¶¶ 9-11. Plaintiff alleges that Defendants did so without affording her notice that a CPS violation was pending against her, and without giving Plaintiff the opportunity to defend herself in Court. *Id.*

The Report-Recommendation recommends dismissal of the Complaint against all Defendants for a multitude of reasons. First, Magistrate Judge Evangelista recommends that Defendant NYS Central Register be dismissed based on Eleventh Amendment sovereign immunity principles. *See* Dkt. No. 5 at 7-11 (citing, *inter alia*, *Gerken v. Gordon*, No. 1:24-CV-00435, 2024 WL 4608307, at *6 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted*, 2024 WL

---

[2] As the Report-Recommendation acknowledges, and the undersigned agrees, while Plaintiff also alleges that her Fourth and Fifth Amendment rights were violated, the substance of the Complaint does not support a claim for relief on those grounds. *See* Dkt. No. 9 at 7 n.9.

5001402 (N.D.N.Y. Dec. 6, 2024)).  Second, Magistrate Judge Evangelista recommends dismissal of Defendant NYS CPS, as well as Defendants Miller and Behan, to the extent that they are sued in the official capacities, for failure to satisfy the requirements of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  *Id.* at 11-16.  And with respect to Defendant Testa, Magistrate Judge Evangelista recommends dismissing her from the action based on the Complaint's failure to establish her personal involvement in the alleged constitutional violations.  *Id.* at 16-21 (citing, *inter alia*, *Golston v. Cortese*, No. 1:21-CV-914, 2022 WL 2657290, at *5 (N.D.N.Y. Apr. 1, 2022), *report and recommendation adopted*, 2022 WL 2071773 (N.D.N.Y. June 9, 2022)).

Magistrate Judge Evangelista also outlines several alternative grounds for the dismissal of Plaintiff's claims.  First, he recommends that Defendants Miller and Behan be dismissed because they are entitled to absolute immunity based on their roles as NYS CPS case workers.  *Id.* at 21-24 (citing, *inter alia*, *Robertson v. Allen*, No. 1:15-CV-11, 2016 WL 205381, at *10 (N.D.N.Y. Jan. 15, 2016)).  Next, Magistrate Judge Evangelista recommends that Plaintiff's claims be dismissed based on the three-year statute of limitations recognized for Section 1983 claims.  *Id.* at 24-28 (citing, *inter alia*, *Golston*, 2022 WL 2657290, at *3).  Additionally, Magistrate Judge Evangelista recommends that the Court dismiss the action pursuant to the domestic relations abstention doctrine, which bars federal courts from hearing cases "involving divorce, alimony, and child custody."  *Id.* at 28-31 (quoting *Bowman v. Morris*, No. 8:19-CV-97, 2019 WL 5150196, at *5 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019)).  Finally, Magistrate Judge Evangelista recommends that the Court find that Plaintiff's claims are barred based upon the availability of a post-deprivation remedy, specifically an Article 78 proceeding, which Plaintiff chose not to initiate.  *Id.* at 31-35 (citing, *inter alia*,

*Nicholas v. Seggos*, No. 8:23-CV-463, 2023 WL 6121164, at *6 (N.D.N.Y. Sept. 19, 2023), *report and recommendation adopted*, 2023 WL 7004103 (N.D.N.Y. Oct. 24, 2023)).[3]

In her objections, Plaintiff first takes issue with the recommendation that the Court find that her claims are time barred, arguing generally that equitable tolling and the continuing violation should apply. *See* Dkt. No. 9 at 2 (first citing *Holland v. Florida*, 560 U.S. 631 (2010), and then *Shomo v. City of N.Y.*, 579 F.3d 176 (2d Cir. 2009)). Next, Plaintiff asserts that the availability of a post-deprivation remedy does not bar her claims since, according to Plaintiff, "under federal law, exhaustion of state remedies is not required for [Section] 1983 claims," *id.* (citing *Patsy v. Bd. of Regents*, 457 U.S. 496 (1982)), and that "state procedural requirements cannot be used to block federal remedies," *id.* (citing *Howlett v. Rose*, 496 U.S. 356 (1990)). Moreover, Plaintiff states that Eleventh Amendment immunity and the domestic relations abstention doctrine do not apply to her claims, since "[u]nder Natural Law, no man or woman is immune from accountability for trespass and harm." *Id.* Finally, Plaintiff takes issue with the recommendation that she be denied the right to amend the Complaint, arguing that the standard under Fed. R. Civ. P. 15(a)(2) is "liberal . . . [and] shall be freely given when justice so requires, particularly for *pro se* litigants." *Id.* The Court addresses each of these objections in turn.

First, regarding Plaintiff's objections related to the statute of limitations, as detailed in the Report-Recommendation, "the statute of limitations for actions brought pursuant to § 1983 is three years." *Golston*, 2022 WL 2657290, at *3 (quoting *Johnson v. Fargione*, No. 1:20-CV-764, 2021 WL 1406683, at *3 (N.D.N.Y. Feb. 17, 2021), *report and recommendation adopted*, 2021 WL 1404554 (N.D.N.Y. Apr. 14, 2021)). While Plaintiff alleges generally that the Report-

---

[3] Magistrate Judge Evangelista also recommends that Plaintiff be denied an opportunity to amend the Complaint since, given the nature of several of the grounds upon which he recommends dismissal, doing so would be futile. *Id.* at 35

6

Recommendation "disregards the doctrines of equitable tolling and continuing violations," Magistrate Judge Evangelista addressed both equitable tolling and the continuing violation doctrine in detail. *See* Dkt. No. 5 at 26 n.17, 27-28. Plaintiff fails to identify any portions of the Complaint that Magistrate Judge Evangelista overlooked and does not challenge the substantial authority upon which Magistrate Judge Evangelista's analysis relied. Upon *de novo* review, the Court agrees with Magistrate Judge Evangelista's conclusion in the Report-Recommendation that equitable tolling and the continuing violation do not apply to Plaintiff's claims.

Next, regarding Plaintiff's objections pertaining to post-deprivation remedies, the argument that "exhaustion of state remedies is not required for [Section] 1983 claims," Dkt. No. 9 at 2, is misplaced. It has long been maintained that "the availability of an Article 78 proceeding bars seeking relief under Section 1983 when there is an adequate state post-deprivation procedure to remedy a random or arbitrary deprivation of property or liberty." *Attallah v. N.Y. Coll. of Osteopathic Med.*, 94 F. Supp. 3d 448, 455 (E.D.N.Y. 2015) (citing *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996)). Thus, Magistrate Judge Evangelista's recommendation that Plaintiff's claims should be dismissed based on her failure to bring an Article 78 proceeding, Dkt. No. 5 at 31-35, is correct.[4]

Additionally, regarding Plaintiff's contention that that Eleventh Amendment immunity and the domestic relations abstention doctrine do not apply to her claims since, "[u]nder Natural Law,

---

[4] The case Plaintiff cites in support of her argument, Dkt. No. 9 at 2, is not to the contrary. As the Second Circuit held in *Campo v. N.Y.C. Employees' Ret. Sys.*, 843 F.2d 96, 103 (2d Cir. 1988), the Supreme Court's decision in *Patsy v. Bd. of Regents* stood only for the proposition that Section 1983 claims need not be exhausted in state court prior to bringing those claims in federal court. *See Patsy*, 457 U.S. 496, 516 (1982). But, as relevant here, where the state already provides for an adequate post-deprivation remedy and the plaintiff fails to avail herself of that remedy, there is no procedural due process violation. *See Campo*, 843 F.2d at 103; *see also N.Y.S. Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 169 (2d Cir. 2001).

no man or woman is immune from accountability for trespass and harm," Dkt. No. 9 at 2, the Court is unpersuaded. This unsupported statement does not undermine the controlling precedent relied upon by Magistrate Judge Evangelista.

Finally, regarding Plaintiff's objection to Magistrate Judge Evangelista's recommendation that Plaintiff be denied leave to amend the Complaint, and notwithstanding the procedural impropriety of Plaintiff's motion seeking the same, upon *de novo* review, the Court agrees with Magistrate Judge Evangelista that the filing of any amended complaint would be futile. Even in *pro se* cases, where a complaint contains issues that are inherently "substantive" and not a result of "inadequately or inartfully" pled causes of action, leave to amend should be denied as "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Hunt v. Alliance N. Am. Gov't Income Tr.*, 159 F.3d 723, 728 (2d Cir.1998)). As detailed throughout this Order and in the Report-Recommendation, Plaintiff's claims are untimely, barred by several immunity doctrines, and otherwise substantively deficient. *See generally*, Dkt. No. 5. Accordingly, the Court denies Plaintiff's motion for leave to file an amended complaint.

In sum, following *de novo* review, the Court agrees with Magistrate Judge Evangelista's findings and recommendations for the reasons set forth in the Report-Recommendation. Accordingly, the Report-Recommendation is adopted in its entirety.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and without leave to amend**; and the Court further

8

**ORDERS** that Plaintiff's motion for leave to file an amended complaint, Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all Parties in accordance with the Local Rules.[5]

**IT IS SO ORDERED.**

Dated: September 29, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.